UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTILLA RODRIGUEZ-TORRES,

    Plaintiff,

v.                                                  Case No. 8:18-cv-1982-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Previously, on November 18, 2010, Plaintiff had filed applications for a period of disability, DIB, and Supplemental Security Income ("SSI") (Tr. 125). An ALJ issued an unfavorable decision on April 17, 2013, denying those applications (Tr. 119-38). Subsequently and at issue here, on February 26, 2015, Plaintiff protectively filed an application for a period of disability and DIB, alleging an onset date of April 18, 2013 (Tr.

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

15, 34). The Commissioner denied Plaintiff's claim for a period of disability and DIB both initially and upon reconsideration (Tr. 15, 34–36). Plaintiff then requested an administrative hearing (Tr. 15, 158). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 15, 25–56). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits (Tr. 9-24). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II. **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1962, claimed disability beginning April 18, 2013 (Tr. 15, 29). Plaintiff obtained a high school education (Tr. 50). Plaintiff's past relevant work experience included work as an industrial cleaner (Tr. 41). Plaintiff alleged disability due to fibromyalgia, arthritis, scoliosis, and lower back pain (Tr. 18, 42).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2013 and had not engaged in substantial gainful activity since April 18, 2013, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined that there were insufficient subjective and objective evidence, and no medical signs or laboratory findings, to substantiate the existence of a medically determinable impairment through the date last insured (Tr. 19). Therefore, the ALJ determined that the claimant was not under

a disability, as defined in the Social Security Act, at any time from April 18, 2013, the alleged onset date, through December 31, 2013, the date last insured (Tr. 19).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the

evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citations omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by

substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.    Analysis**

Plaintiff argues here that the ALJ erred by not considering the findings in the prior ALJ decision (Doc. 22 at 5). Additionally, Plaintiff argues that the ALJ failed to fully and fairly develop the record by failing to order a consultative examination regarding the Plaintiff's psychological difficulties (Doc. 22 at 9). For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A. Prior ALJ Decision**

Plaintiff contends that the principle of res judicata binds the Commissioner to a prior determination by the ALJ of the claimant's condition, absent evidence of an improvement in the Plaintiff's condition. In support of her contention, Plaintiffs cites the nonbinding authority of *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), *Lively v. Secretary of Health & Human Services*, 820 F.2d 1391 (4th Cir. 1987), and *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). The ALJ, in the most recent decision, found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (Tr. 18). In the prior ALJ decision, Plaintiff was found to have the severe impairment of fibromyalgia (Tr. 349). Plaintiff asserts that there were many medical records contained in the prior ALJ decision that were not part of the claims file here (Tr. 400-01) and that, although those records pertained to a different period of time than adjudicated by the current ALJ, and the current ALJ needed those records in order

5

to determine whether there had been a medical improvement. Plaintiff argues that this cause should be reversed and remanded with directions to the ALJ to consider the records from the prior ALJ decision, determine if there has been a medical improvement since April 17, 2013, and, if not, adopt the RFC findings from the prior decision (Doc. 22 at 6).

Under the Social Security Administration's regulations, administrative res judicata applies when the agency has made a previous final determination or decision regarding the claimant's rights on the same facts and issues. 20 C.F.R. § 404.957(c)(1). In addition, the agency has promulgated an agency policy on the issue, stating:

> Under SSA policy, if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period.

Acquiescence Ruling (AR) 98-4(6), 63 Fed. Reg. 29,771, 29,773 (June 1, 1998); *see* AR 00-1(4), 65 Fed. Reg. 1936, 1938 (Jan. 12, 2000); AR 97-4(9), 62 Fed. Reg. 64,038, 64,039 (Dec. 3, 1997); *see also Randolph v. Astrue*, 291 F. App'x 979, 981-82 (11th Cir. 2008) (quoting agency policy in AR 97-4(9)).

Albeit in unpublished opinions, the Eleventh Circuit has held that administrative res judicata does not apply when a claimant's current application involves an unadjudicated period. *See Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir.

2014)[2] (holding that the ALJ properly declined to give the prior ALJ decision res judicata effect as the ALJ's prior decision adjudicated a different time period); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (holding the ALJ did not err in declining to give preclusive effect or defer to a prior finding because the application at issue concerned an unadjudicated time period); *Moreno v. Astrue*, 366 F. App'x 23, 27 (11th Cir. 2010) (holding that the ALJ did not err in declining to give preclusive effect to a prior RFC assessment because the instant application concerned an unadjudicated time period); *see also Bergschneider v. Comm'r of Soc. Sec.*, No. 8:16-cv-3236-T-17CM, 2018 WL 4760784, at *2 (M.D. Fla. Feb. 27, 2018) (same). Because the ALJ's disability determination in the instant case was based on an unadjudicated period of time, the ALJ was not bound by res judicata principles and did not err in failing to consider the findings in the prior ALJ decision or in failing to apply the previous RFC findings.

### B. <u>Full and Fair Development of the Record</u>

Plaintiff argues that "there was a failure to develop the record in the failure to order a consultative examination regarding the Plaintiff's psychological difficulties" (Doc. 22 at 9). Plaintiff also argues that the ALJ "failed to obtain the prior claims files and consider the records from the prior claims files" and "there is a reasonable probability that the Administrative Law Judge would have found that the claimant had a medically determinable severe impairment as of her alleged onset date" if the ALJ had obtained and considered those records (Doc. 22 at 10).

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also* 20 C.F.R. § 404.1512(a)(1) (the ALJ will consider only impairments the claimant says he or she has or about which the ALJ receives evidence). There must be a showing that the ALJ's failure to develop the record led to evidentiary gaps in the record, which resulted in unfairness or clear prejudice, before the court will remand a case for further development of the record. *Graham*, 129 F.3d at 1423.

Here, Plaintiff has not demonstrated evidentiary gaps that result in unfairness or clear prejudice. Plaintiff fails to cite to any specific impairments related to her "psychological difficulties." Notably, in this case, the prior ALJ's decision found Plaintiff did not have a severe mental impairment (Tr. 128). Furthermore, Plaintiff made no claim of a severe mental impairment to be considered by the ALJ here, and there are no medical records during the relevant period. (Tr. 18, 41–42). Therefore, there was no evidence in the record that would have suggested that a consultative mental examination was required.

Moreover, the record contained sufficient evidence for the ALJ to evaluate Plaintiff's mental condition on and before her date last insured of December 31, 2013, and Plaintiff failed to show that a consultative examination performed years thereafter was necessary for the ALJ to make an informed decision about her mental condition during the relevant period. *See, e.g.*, *Powers v. Comm'r of Soc. Sec.*, No. 8:14-cv-304-T-DNF, 2015

8

WL 1221275, at *3–7 (M.D. Fla. Mar. 17, 2015) (thoroughly discussing and rejecting claimant's argument that ALJ needed to obtain consultative mental examination); *Amedio v. Astrue*, No. 8:10-cv-1350-T-TGW, 2011 WL 2446610, at *5–6 (M.D. Fla. June 15, 2011) (holding that consultative examination was not necessary and "the suggestion that a consultative psychological examination at this point would shed meaningful light on plaintiff's mental status at her date last insured is completely unpersuasive").

Finally, Plaintiff fails to cite to any authority in support of her contention that the ALJ should have obtained the prior claims files and considered those records. *See Outlaw v. Barnhart*, 197 Fed. App'x 825, 828 n.3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived."). As such, the Court finds the ALJ developed a full and fair record and her disability determination is supported by substantial evidence. Therefore, remand is not required on this issue.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 10th day of September, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE